UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-363-H

EBONI COCHRAN, et al.                                                                                         PLAINTIFFS

V.

ZEON D.P., LLC and ZEON
CHEMICALS PARTNERSHIP
d/b/a ZEON CHEMICALS, L.P.                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed a proposed class action settlement in a case brought by residents within two miles of the Zeon chemical plant (the "Proposed Class Settlement"). Recently, the Court conducted a hearing to help determine the fairness of the proposed settlement. The Court has also allowed an additional thirty (30) days for the residents to comment on or opt out of the proposed settlement. After further reflection, however, the Court concludes that the proposed settlement contains several fundamental flaws which make it unfair. Further delay of a decision is unnecessary and the Court will deny the motion to approve the Proposed Class Settlement.[1]

---

[1] Contemporaneously, the Court is releasing Memorandum Opinions that conditionally deny proposed settlements in *Donoway, et al. v. Rohm and Haas* (06-CV-575-H) and *Bell, et al. v. DuPont, et al.* (07-CV-581-H), as well as a Memorandum Opinion which dismisses all claims in *Dickens, et al. v. Oxy Vinyls LP*, (06-CV-364-H). All four of these cases have outward obvious similarities. Indeed, many persons would be members of each one of the proposed classes by virtue of the overlapping class areas. The claims in each case are similar. However, different evidence is presented in each case to support the pending motion. Moreover, the settlement proposal here is materially different than those in Rohm & Haas and DuPont. These factual differences account for the different results.

I.

The Proposed Class Settlement here is different than those the Court has considered in both the Rohm & Haas and Dupont cases. Here, the settlement creates a $1.1 million settlement fund for those residents who live within one mile of the Zeon facility and who have filed a claim form. To date, approximately 1,700 persons have filed claim forms. The entire class area, however, comprises a two-mile radius around the Zeon plant and of persons residing in about 14,200 single family residences (the "Class"). The persons outside the one-mile radius will receive no direct financial payment.

Zeon has also agreed to create a $500,000 fund for air monitoring and environmental education programs, and $100,000 for an independent emissions auditor to insure that Zeon is in compliance with its emissions standards. Thus, the proponents of the settlement claim a total monetary value of $1.7 million. The Proposed Class Settlement also promises that Zeon will continue and complete its commitments to modernize equipment that reduces various types of emissions. The value of these improvements, about $3,900,000, is attributed to the settlement.

The full consequences of the settlement's release provisions are difficult to predict with clarity. The settlement releases liability to Zeon and also grants injunctive relief or immunity from future lawsuits. These provisions are somewhat more expensive than those in the Rohm & Haas and DuPont cases. These releases effectively ban any person residing in the two-mile radius area for a three-year period from maintaining any action for future personal injury unless the injury arises from substantially different manufacturing processes and substantially different or greater regulated air emissions than recent operations; or unless the claim is based solely upon a "catastrophic" release. These releases can be extended for an additional seven (7) years.

Similarly, the Proposed Class Settlement attempts to enjoin all persons within the two-mile radius for a three-year period from bringing any type of claim for damages or injunctive relief against Zeon unless the emissions are from a substantially different manufacturing process and involves substantially different or greater emissions. The proposed injunction could also be extended for an additional seven (7) years. The injunction would also bar any claims by third parties who may not currently be a member of the settling class.

II.

A district court has broad discretion in certifying a class. *Mayer v. Mylod*, 988 F.2d 635, 640 (6th Cir. 1993). Likewise, a district court's determination regarding the reasonableness of a settlement will not be disturbed where the court reasonably examined the evidence presented and the terms of the settlement. *Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008) (citing *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990)). Though the Court's discretion is broad, it must be exercised with great care. Courts should be especially mindful when approving class certification for the purposes of settlement. *UAW v. General Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

While the Court also has broad discretion to approve a settlement, it may not simply impose changes upon or modify the terms of the settlement. *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986). Thus, the Court may not fashion its own settlement by highlighting certain provisions as fair or reasonable and striking others it finds unreasonable. As the Fifth Circuit aptly put it, "[t]he settlement must stand or fall as a whole." *Cotton v. Hinton*, 559 F.2d 1326, 1332 (5th Cir. 1977). The Proposed Class Settlement creates a common fund to pay damages and attorney's fees. In these circumstances, particularly where an entire category of the Class is receiving no

direct compensation, the Court acts as a fiduciary for the entire class on these concerns.

Here the parties have not included attorney's fees specifically as part of their settlement. Therefore, the Court must look at what the parties have actually agreed to and determine only whether it is reasonable. Only then would the Court consider the reasonableness of the attorney's fees. Upon disapproval of the Proposed Class Settlement, the parties may either negotiate a new settlement or proceed with litigation, which in this instance may involve additional discovery, motions for class certification or dispositive motions by either side.[2]

### III.

For purposes of this motion only, the Court will assume that the Proposed Class Settlement meets the criteria established in Rule 23 of the Federal Rules of Civil Procedure. It does contain some outwardly very attractive elements for various parties to it. Defendants can certainly find much to like about a proposal which requires only a modest payment to some of the class members; even more modest payments to the University of Louisville; and a continuation of environmental beneficial activities already mandated under existing governmental regulations. In return, Defendants receive the benefit of comprehensive releases, which may reach the consequences of various past and future actions.

Given the almost non-existent discovery in this case, undertaking the role of the fiduciary for the Class presents particular difficulty.[3] For those within one mile of the plant, one can only

---

[2] Typically, one cannot immediately appeal the denial of a motion to approve a class settlement. While such an appeal is possible in a narrow set of circumstances, it would not appear possible here. *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981). However, an objector may appeal the final order approving a class action settlement.

[3] While it is true that both Plaintiffs' counsel and Defendants support the Proposed Class Settlement, their interests are not entirely consistent with those of the proposed class. That is why many courts have commented on the need to closely scrutinize settlements that provide a minimal recovery. That is why the Court's fiduciary duty is even more important here than the normal case. For example, counsel for Plaintiffs are recommending what could

characterize this settlement as for close to nuisance value. Those residents would receive about $450 cash. In view of the difficulty in making a case for nuisance or negligence, and showing damages under either, such a payment appears to be entirely reasonable for those residents.[4] Regardless of this merit, the Proposed Class Settlement is fundamentally flawed in several respects. The Court will discuss each of these.

A.

As to well over three-quarters (3/4) of the Class, the Proposed Class Settlement provides no benefits and extracts potentially significant concessions. Neither the limited record nor the Proposed Class Settlement itself reveals an evidentiary basis for rewarding those residents within one mile of the Zeon plant, while arbitrarily withholding payments for those who reside between one and two miles outside the plant. To be sure, a class settlement can certainly create several categories of beneficiaries based upon the evidence in the case and the likelihood of recovery or damages suffered by persons in those categories. However, any court would be reluctant to approve such arrangement absent a reasonable evidentiary basis for it. Here, no one has

---

be termed as a relatively more substantial benefit for themselves than for those in the proposed settling class. The proposed class here substantially overlaps that proposed in both the Rohm Haas and the Dupont cases, where counsel has requested combined fees of about $400,000. Counsel has submitted no explanation of the significant amount of additional work or of such an exceptional result which would justify additional fees of about $360,000 for very similar work.

[4] Based on the Court's knowledge of the evidence in similar cases, Plaintiffs' primary claim sounds in nuisance arising from foul smelling odors that the Zeon plant is said to emit. Plaintiffs also have asserted claims for trespass and negligence. Trespass requires a showing that certain chemicals have settled and collected on the properties at issue. None of this has been shown as yet. Zeon has apparently complied with all environmental and emission standards, thus making negligence as a general proposition difficult to prove. Moreover, no one in this case or in any of the other related cases has submitted any medical evidence documenting injuries arising from chemical emissions. Such injuries would be a necessary element of any damages arising from the alleged negligence.
   The Court has no way of knowing, however, whether a stronger case could be constructed. The Court does know that to do so would require much greater effort and more resources devoted to expert witnesses than counsel has been willing to commit thus far in any of the related cases.

provided any basis in the actual evidence for compensating a relatively small group and not another larger one.[5]

The parties attempt to justify the Proposed Class Settlement as benefitting the Class as a whole by pointing to Zeon's undertaking to benefit the environment and surrounding area in which all the class members reside. No question about it, all of the cited actions are indeed positive and generous actions. However, one must be cautious in suggesting that these are real benefits arising from the negotiated Proposed Class Settlement. Defendants have already committed to the environmentally beneficial actions that the STAR Program requires. The equivocal statements of Defendants' counsel did not convince the Court that this litigation was any real factor in Zeon's on-going $3,900,000 of environmental improvements. Moreover, it is not clear whether the $500,000 contribution to the University of Louisville and the additional funding for monitoring truly creates any real or needed benefit. All counsel agree that current monitoring is entirely satisfactory. Consequently, it is difficult to impart great value to these as actions as accomplishments of the settlement.

The Court has another even greater concern. The Proposed Class Settlement confers broad release and immunity provisions upon Defendants. The precise nature of the releases from future liability afforded Zeon are difficult to characterize. However, those releases are certainly unusual and potentially significant. The scope of the releases suggested would place a significant and unjustified legal obstacle upon persons who are parties to this case. For class members who receive direct compensation, the releases can be justified. However, these

---

[5] To be sure, some basic element of common sense would suggest that those further from the Facility are affected to a lesser degree. Nothing in the actual evidence, however, seems to support the idea that those within one mile of the Zeon Facility are affected to some substantially greater degree.

concessions are particularly unwarranted and unfair from those who receive no direct benefit whatsoever. The Court concludes that the Proposed Class Settlement is unfair to those class members residing between one mile and two miles of the Zeon Facility.

B.

The other significant flaw in the Proposed Class Settlement is the provision which would require this Court to enter an injunction which is applicable to "persons who, or utilities that, come to own property or reside within the Algonquin/Greenwood Class Area after the date of this Settlement Agreement." The injunction itself bars various types of claims and causes of action arising from certain Zeon operations for a period of at least three (3) years and perhaps for as many as seven (7) years.

Upon reflection, the Court concludes that it cannot approve such a broad invocation of future immunity for Zeon. Not surprisingly, other courts have found occasion to comment on this rather fundamental principle of fairness. The Federal Rules of Civil Procedure actually incorporate these principles, limiting injunctive relief to govern only parties, their agents, assignees, employees and others acting in concert with them. Fed. R. Civ. P. 65(d)(2). *See Blackard v. Memphis Area Medical Center for Women, Inc.*, 262 F.3d 568, 574 (6th Cir. 2001). Moreover, the Supreme Court has said, "parties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations in a third party, without that party's agreement." *Local No. 93 v. City of Cleveland*, 478 U.S. 501, 529 (1986).

It matters not a bit that such future residents may have very little in the way of claims to pursue. The point is that other parties and this Court are without power to unilaterally extinguish

those rights, whatever their viability.  Thus, as presently drafted and applied, the Court cannot issue the requested injunctive relief.  Therefore, it would be unfair to approve it.

IV.

To receive approval, the settlement need not be the best deal available, but it must be reasonably fair to all class members.  Certainly, one cannot lightly dismiss Zeon's agreement to pay local residents $1.1 million and University of Louisville another $500,000, when the case against it is so difficult to make.  Many have expressed an interest in participating.  The Court does not suggest that those persons receiving payments under the Proposed Class Settlement are entitled to more or that litigation can compel Defendants to do more to clean the neighborhood environment.  Rather, for well over half the class, the releases and extensive immunity provided Defendants are too generous and unwarranted, compared to the entirely modest scope of the benefits.  For many of these, as Thomas Fitzgerald articulated so well, maintaining the *status quo* could well provide better long term protection for their environmental concerns.

Those residents wanting to participate in such a settlement can become plaintiffs in this case and settle either individually or collectively with Zeon, if the company will do so.  It is unfair, however, to bind other residents who receive no tangible benefits.  What the Court will not approve is the arbitrary division of class members, questionable releases and extensive immunity from future actions, absent greater tangible benefits.  What the Court cannot agree upon is an injunction which limits the rights of those unrepresented here in any fashion.

Because the Court concludes respectfully that these flaws, taken together, permeate the proposed settlement and make it fundamentally unfair to entire segments of the proposed class, there remains no alternative other than denying approval.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the settlement proposal for the class described in the Court's preliminary order dated February 27, 2009, is DENIED approval.

cc: Counsel of Record